# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**MARCUS SHAROD RAND**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:11-mj-649

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq

  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 31-year-old resident of Kalamazoo who is charged with possessing crack cocaine and marijuana with the intent to distribute them.  Defendant has never married but has 5 children from 4 different relationships and he owes $7,000 in child support.  Defendant has a lengthy criminal history that precludes any reasonable possibility he will abide by the conditions of release.  Following conviction of assault and battery in 1997, defendant's probation was revoked following a probation violation.
(continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the presence of the defendant or the safety of the community based upon the unrebutted presumption.  In the alternative, I find the government has shown by a preponderance of the evidence that no condition or combination of conditions will assure defendant's presence based upon a record that is replete with instances where the defendant has failed to appear for court proceedings.  Defendant has (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 30, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **MARCUS SHAROD RAND**
1:11-mj-649
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Defendant failed to appear for a trial in July 1998.

Following a conviction for assault with a dangerous weapon in December 1998, defendant had two probation violations the following year.

Defendant was convicted of malicious destruction of property in excess of $1,000 in April 2000 and sentenced to prison. Three times he was placed in parole and three times he violated his parole and was returned to prison. The third time was apparently for absconding. In 2002 defendant was charged with possession of marijuana and failed to appear for a pretrial hearing.

In 2004 defendant was charged with delivery/manufacturing marijuana and failed to appear for a court conference in October of 2004.

Defendant was charged with driving while his license was suspended in June 2006, but failed to appear for a pretrial hearing. In this instance, however, it appears he was incarcerated at the time of the hearing, apparently for operating with a forged or false identification.

Defendant was charged with possessing marijuana in 2008, but twice failed to appear for pretrial hearings. Defendant was charged with driving while his license was suspended in 2009, but failed to appear for a pretrial hearing.

Defendant was charged with another driving violation in 2011, but failed to appear for arraignment.

In this instance, there is probable cause to believe that defendant stored in excess of 30 grams of crack near a crib in a child's room, although defendant denies this. Defendant does admit possession of marijuana.

**Part II - Written Statement of Reasons for Detention** - (continued)

demonstrated no sense of responsibility to court orders and placing him back on the street is nothing more than an invitation to the marshals to look for him again.